UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN PEACHEY and JOHN RICK WINER,<br><br>Defendants. | 4:19-CR-40097-KES<br><br>ORDER DENYING MOTION FOR ORDER PERMITTING REVIEW OF SEARCH WARRANT, LETTER ROGATORY AND SUPPORTING DOCUMENTS<br>(UNDER SEAL) |

Defendant, Nathan Peachey, moves for an order permitting his counsel to review and make and maintain copies of the above-captioned file in its entirety, including the motion or application and any supporting affidavits, exhibits, memoranda of law, or other documents filed by the United States in connection with its motion for letter of rogatory or search warrant. Docket 63 at 1. The United States opposes the motion. Docket 65. For the following reasons, the court denies Peachey's motion.

## BACKGROUND

In May 2019, the United States filed a motion and memoranda requesting the issuance of a letter rogatory to Norway to aid the government's investigation of Nathan Peachy. *In re Letter Rogatory to Norway*, MC 19-00033-KES, Dockets 1, 2. The court granted the government's motion and signed a letter rogatory to be transmitted to the Norwegian government on May 17, 2019. *Id.* at Dockets 3, 4.

The letter rogatory contained a request for assistance from the Norwegian government; the court never transmitted an actual search warrant to Norwegian authorities. *Id.* at Docket 4. In January 2020, the United States filed a superseding indictment in the above-captioned case charging Peachey with conspiracy to commit wire fraud, conspiracy to launder monetary instruments, wire fraud, and laundering monetary instruments. Docket 6.

Peachey moves to permit his counsel to "review and make certain copies of [case number 4:19-mc-00033] in its entirety, including the motion or application and any supporting affidavits, exhibits, memoranda of law, or other documents filed by the United States in connection with its application for a letter of rogatory or search warrant[.]" Docket 63 at 1. Peachey makes this request in order to "ascertain whether [his] Fifth Amendment rights were violated by the issuance of the warrant or subsequent search[,]" and to "ascertain whether any of the evidence, testimony, or exhibits submitted in support of the application for search warrant and letter of rogatory is exculpatory of Defendant or could lead to the discovery of exculpatory evidence." *Id.* ¶¶ 8-9. John Rick Winer moves to join in Peachey's motion. Docket 69.

**LEGAL STANDARD**

Discovery in a criminal case is governed by the Federal Rules of Criminal Procedure. Rule 16 states, in relevant part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Rule 16 also states that "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" are not subject to disclosure. Fed. R. Crim. P. 16(a)(2).[1]

In addition to the rules of discovery, the prosecution is required to disclose certain information to protect a defendant's due process rights under the Fifth Amendment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Santisteban*, 501 F.3d 873, 877 (8th Cir. 2007). "Under *Brady v. Maryland*, 'suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.' " *United States v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016) (quoting *Brady*, 373 U.S. at 87 (1963)). "To comply with due process, the government need only 'disclose all material or potentially exculpatory evidence before the trial ends.' " *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quoting *United States v. Altman*, 507 F.3d 678, 680 (8th Cir. 2007)). This applies both to exculpatory evidence and "evidence that the defense might [use] to impeach the Government's witnesses by showing bias or interest." *United States v. Bagley*, 473 U.S. 667, 676 (1985).

---

[1] The Advisory Committee Notes to Rule 16 discuss confusion arising from earlier amendments to the rule. Fed. R. Crim. P. 16 advisory committee's note to 1997, 2002, and 2013 amendments; *see also United States v. Armstrong*, 517 U.S. 456, 463 (1996). When read together, these two parts of Rule 16 "make[] it clear that a defendant's pretrial access to books, papers, and documents under Rule 16(a)(1)(E) remain[] subject to the limitations imposed by Rule 16(a)(2)." Fed. R. Crim. P. 16 advisory committee's note to 2013 amendment.

## DISCUSSION

A letter rogatory is a formal request made by a court for the aid of a foreign court in discovery or investigation. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-48 (2004). "[A]ll courts of the United States[] [have] inherent power to issue Letters Rogatory." *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971) (quoting *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958)). A letter rogatory may be issued pre-indictment upon an ex parte motion, such as the "issuance of search warrants to aid possible criminal prosecutions." *Id.* at 173 n.4. Because there is no special right on the part of criminal defendants to inspect a letter rogatory, courts analyze such requests under the rules of discovery and Constitutional due process. *See generally United States v. Hutchins*, 2018 WL 1695499 (E.D. Wis. Apr. 6, 2018); *United States v. Saltsman et al.*, No. 07-CR-0641 (E.D.N.Y. Mar. 22, 2011), ECF No. 170.

Here, the United States argues that the material requested for discovery or inspection is shielded because it is a "report[], memoranda, or other internal government document[] made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Docket 65 at 2-3; Fed. R. Crim Pro. 16(a)(2). The United States asserts that all of the documents submitted to the court to obtain the letter rogatory were prepared by the government's counsel. Docket 65 at 3.

Peachey initially asserts that he and his counsel need to inspect the letter rogatory and any supporting documentation in order to determine if any of the information is exculpatory. But under *Brady*, the United States is already required to disclose exculpatory information. Essentially, granting Peachey's motion would

4

allow criminal defendants to inspect all of the information in the government's case file, confirm the existence of exculpatory information that the government is already required to disclose, and reap the benefit of having also inspected inculpatory information to be used against the defendant. "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) (citing *United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir. 1980)). Peachey never alleges a *Brady* violation, nor does he cite authority authorizing a defendant's inspection of records to determine for himself whether material is exculpatory. Thus, the motion is denied as to Peachey's due process argument.

Next, Peachey argues that Rule 16(a)(1)(E) permits inspection of the requested material because it is "material to preparing a defense for [Peachey], and may be used in the government's case-in-chief[.]" Docket 63 ¶ 10. This argument, though, ignores the government work product exception found in Rule 16(a)(2). *See Armstrong*, 517 U.S. at 463 (1996) ("[A] defendant may examine documents material to his defense, but, under Rule 16(a)(2), he may not examine Government work product[.]"). Peachey did not reply to the government's assertion of the government work product exception. Thus, Peachey's motion is denied based on the exemption from disclosure asserted by the government.

Finally, Peachey notes that the government has already "provided counsel with discovery, including a Search and Seizure Report from the execution of the search warrant" including "some of the seized documents." Docket 63 ¶ 7. He also notes that a motion for a bill of particulars or a motion for discovery are available

options to obtain information he believes he has a right to inspect. *Id.* ¶ 10. Peachey's motion cannot be granted based on a broad request for inspection of documents without establishing a right to inspection.

## CONCLUSION

The prosecution is required to disclose certain information to defendants under the Federal Rules of Criminal Procedure and the due process clause of the Fifth Amendment. Peachey fails to identify any right under these requirements to inspect and copy the letter rogatory and its supporting documentation. Thus, it is

ORDERED, that Peachey's motion for order permitting review of search warrant, letter of rogatory, and supporting documents (Docket 63) is denied. It is FURTHER ORDERED that John Rick Winer's motion to join in Peachey's motion (Docket 69) is also denied.

Dated September 24, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE