UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-40097-KES |
| Plaintiff, | REDACTED SECOND SUPERSEDING INDICTMENT |
| v. | |
| LORIN WILLIAM ROSIER, NATHAN PEACHEY, JOHN RICK WINER, and FREDERICK ARIAS, | Conspiracy to Commit Wire Fraud 18 U.S.C. §§ 1343 and 1349 |
| | Conspiracy to Launder Monetary Instruments 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h) |
| Defendants. | Wire Fraud 18 U.S.C. §§ 1343 |
| | Laundering of Monetary Instruments and Aiding and Abetting 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i) |
| | Conspiracy to Obstruct Justice 18 U.S.C. §§ 1512(c) and 1512(k) |

The Grand Jury charges:

**Count 1**

**(Conspiracy to Commit Wire Fraud – 18 U.S.C. §§ 1343 and 1349)**

I.   Conspiracy

Beginning at a time unknown, but no later than on or about 2015, and continuing through the date of this Second Superseding Indictment, in the District of South Dakota and elsewhere, the Defendants, Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias, with others known and

unknown to the Grand Jury, did conspire to commit the offense of wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349.

Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias willfully and unlawfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property from others by means of false and fraudulent pretenses, representations, and promises.

II.   Parties and Entities

At times relevant to this charging document and to each count alleged herein, the following individuals and entities were involved in the conspiracies and substantive charges.

A.   Defendant Lorin William Rosier

Lorin William Rosier resided in and operated from Norway, among other places, and he is a co-conspirator in the fraud schemes. Rosier oversaw the fraud schemes, and he was aided by his co-defendants and others known by the Grand Jury to receive fraud proceeds via international wire transfers and to then expend those proceeds. Rosier served as the head of the entities utilized in the fraud schemes. After his receipt of funds, Rosier would transfer or wire funds to his co-conspirators and others known and unknown to the Grand Jury, and he also would use funds on personal expenditures.

B.   Defendant Nathan Peachey

Nathan Peach resided in and operated from Pennsylvania, among other places, and he is a co-conspirator in the fraud schemes. Peachey aided in soliciting millions of dollars from investors in the United States, and he received

funds from others who were involved in the fraud schemes. Funds obtained by and through Peachey were, in part, laundered through and into domestic and international bank accounts. After his receipt of funds, Peachey would transfer or wire funds to his co-conspirators and others known and unknown to the Grand Jury, and he also would use funds on personal expenditures.

    C.    Defendant John Rick Winer

John Rick Winer resided and operated from New Mexico, among other places, and he is a co-conspirator in the fraud schemes. Winer recruited individuals to invest in various projects, and he solicited funds that were obtained through the fraud schemes. Winer received funds in various forms, including, but not limited to, check, cash, and wire transfer, and he received funds in various ways, including, but not limited to, by mail, through hand-to-hand delivery, and via electronic transfer. After his receipt of funds, Winer would transfer or wire funds to his co-conspirators and others known and unknown to the Grand Jury, and he also would use funds on personal expenditures.

    D.    Defendant Frederick Arias

Frederick Arias resided and operated from Arizona, among other places, and he is a co-conspirator in the fraud schemes. Arias aided in soliciting millions of dollars from investors in the United States, and he received funds from others who were involved in the fraud schemes. Funds obtained by and through Arias were, in part, laundered through and into domestic and international bank accounts. After his receipt of funds, Arias would transfer or

wire funds to his co-conspirators and others known and unknown to the Grand Jury, and he also would use funds on personal expenditures.

   E.  Various Entities

Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias utilized, independently or jointly, entities to perpetrate the counts alleged in this charging document, including, but not limited to: AG Enterprises, L.L.C.; House of Winer; Jacobs Provision Trust; The Joseph Project; Jericho Outreach; Jericho Outreach – Norway; Christian Charity Foundation; G47 Initiative; International Silver Dollar Association.

  III.  <u>Scheme and Artifice to Defraud</u>

At all times relevant to this case and in furtherance of the conspiracy, the scheme and artifice to defraud included the following acts and omissions by the defendants, independently or jointly:

Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias, and others known and unknown to the Grand Jury, informed investors that the monies provided to one or more of the co-conspirators would be used for charitable and humanitarian projects and that there would be a return on investments.

Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias, and others known and unknown to the Grand Jury, informed investors that the monies provided to one or more of the co-conspirators would not be expended on personal expenses.

Investor money was not used for charitable or for humanitarian projects, and investors have not received a return on investments relating to the monies provided to Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, or Frederick Arias.

Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias sought and obtained monies, monetary instruments, and money transfers from individuals who were the victims of the schemes, and Defendants fraudulent conduct impacted victims from around the United States and elsewhere, including, but not limited to, South Dakota, Minnesota, Arizona, Colorado, Pennsylvania, and North Carolina.

Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias acted willfully, for the purpose of enriching themselves and others, knowing of the unlawful purpose of the scheme, in whole or in part, when they participated in it.

In further of the conspiracy and to achieve its purposes, Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias, and others known and unknown to the Grand Jury, committed or caused the overt acts, among others, in the District of South Dakota and elsewhere, including, but not limited to, the substantive offenses of wire fraud and of laundering monetary instruments alleged in this charging document.

IV.   <u>Wires</u>

At times relevant to this case, in the District of South Dakota and elsewhere, Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer,

and Frederick Arias, and others known and unknown to the Grand Jury, having devised the above-described scheme and artifice to defraud, caused communications to be sent between South Dakota and elsewhere, and did knowingly use and cause communications to be transmitted in interstate or foreign commerce, by means of a wire communication, writings, signs, signals, and sounds, for the purpose of executing such scheme and artifice.

Defendants' acts and omissions were in violation of 18 U.S.C. §§ 1343 and 1349.

## Count 2

### (Conspiracy to Launder Monetary Instruments – 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h))

The allegations in Count 1 of this Second Superseding Indictment are hereby realleged and incorporated by reference.

Beginning at a time unknown, but no later than on or about 2015, and continuing through the date of this Second Superseding Indictment, in the District of South Dakota and elsewhere, the Defendants, Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias, did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit: depositing, transferring, wiring, and withdrawing U.S. Currency, foreign currency, and funds at financial institutions, which involved the proceeds of a specified unlawful activity, that is, wire fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, all in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h).

## Counts 3 through 6

### (Wire Fraud – 18 U.S.C. §§ 1343 and 1349)

The allegations in Count 1 of this Second Superseding Indictment are hereby realleged and incorporated by reference.

On or about the dates set forth below, in the District of South Dakota and elsewhere, the Defendant, John Rick Winer, having devised and intending to devise a scheme and artifice to defraud others known to the Grand Jury and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted and attempted to be transmitted by means of wire communications in interstate and foreign commerce a writing, sign, signal, and sound for the purpose of executing the withdrawal of funds between banking accounts belonging to others known to the Grand Jury to banking accounts owned or controlled by John Rick Winer, having the following transaction activity:

| Count | Date | Description and Receiver |
|---|---|---|
| 3 | 5/20/2016 | Wire transmission in the amount of $119,414.46 between Great Western Bank in the State and District of South Dakota and Wells Fargo in the State and District of New Mexico. |

[7]

| 4 | 5/23/2016 | Wire transmission in the amount of $293,000.00 between First Premier Bank in the State and District of South Dakota and Bank of America in the State and District of New Mexico. |
| 5 | 6/7/2016 | Wire transmission in the amount of $150,000.00 between First Premier Bank in the State and District of South Dakota and Bank of America in the State and District of New Mexico. |
| 6 | 10/7/2016 | Wire transmission in the amount of $108,000.00 between First Premier Bank in the State and District of South Dakota and Bank of America in the State and District of New Mexico. |

All are in violation of 18 U.S.C. §§ 1343 (relating to wire fraud) and 1349 (relating to attempts).

## Counts 7 through 16

## (Laundering of Monetary Instruments and Aiding and Abetting – 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i))

The allegations in Count 1 of this Second Superseding Indictment are hereby realleged and incorporated by reference.

On or about the dates set forth below, in the District of South Dakota and elsewhere, the defendant or defendants specified below did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, deposit, transfer, wire, or withdrawal of funds between accounts, which involved the proceeds of a specified unlawful activity, that is, wire fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and aiding and abetting the same.

[8]

| Count | Date | Defendant(s) | Transaction |
|---|---|---|---|
| 7 | 6/15/2016 | John Rick Winer | Transfer of $170,000.00 between Wells Fargo account belonging to Winer and AG Enterprises, L.L.C. to Bank of America account belonging to House of Winer. |
| 8 | 7/1/2016 | John Rick Winer and Nathan Peachey | Transfer of $433,000.00 between Bank of America account belonging to House of Winer to Bank of America account belonging to Jacobs Provision Trust. |
| 9 | 7/6/2016 | John Rick Winer and Nathan Peachey | Transfer of $99,000.00 between Bank of America account belonging to Jacobs Provision Trust to Bank of America account belonging to Jericho Outreach. |
| 10 | 7/6/2016 | Nathan Peachey and Lorin William Rosier | Transfer of $150,000.00 between Bank of America account belonging to Jericho Outreach to DNB Bank account in Norway belonging to Jericho Outreach – Norway. |
| 11 | 8/31/2016 | John Rick Winer and Nathan Peachey | Transfer of $400,000.00 between Bank of America account belonging to Jacobs Provision Trust to Bank of America account belonging to Jericho Outreach. |
| 12 | 9/1/2016 | Nathan Peachey and Lorin William Rosier | Transfer of $300,000.00 between Bank of America account belonging to Jericho Outreach to DNB Bank account in Norway belonging to Jericho Outreach – Norway. |
| 13 | 10/4/2016 | John Rick Winer Nathan Peachey | Transfer of $50,000.00 between Bank of America account belonging to Jacobs Provision Trust to Bank of America account belonging to Jericho Outreach. |
| 14 | 10/7/2016 | Nathan Peachey and Lorin William Rosier | Transfer of $155,000.00 between Bank of America account belonging to Jericho Outreach to DNB Bank account in Norway belonging to Jericho Outreach – Norway. |
| 15 | 12/13/2016 | Nathan Peachey | Transfer payment of approximately $83,000.00 from DNB Bank in Norway to purchase Mercedes vehicle in |

| 16 | 5/15/2017 | Nathan Peachey and Lorin William Rosier | Norway. Transfer payment of approximately $1,330,000.00 from DNB Bank in Norway to purchase residence in Norway. |

All are in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i).

## Count 17

### (Conspiracy to Obstruct, Influence, or Impede an Official Proceeding – 18 U.S.C. §§ 1512(c)(2) and 1512(k))

The allegations in Count 1 of this Second Superseding Indictment are hereby realleged and incorporated by reference.

Beginning at a time unknown, but no later than on or about 2015, and continuing through the date of this Second Superseding Indictment, in the District of South Dakota and elsewhere, the Defendants, Nathan Peachey, John Rick Winer, and Frederick Arias, did knowingly combine, conspire, confederate, and agree, with others known and unknown to the Grand Jury, to corruptly obstruct, influence, and impede an official proceeding, to wit: an investigation being conducted by government investigating agencies; grand jury proceedings; and a proceeding before a court, in violation of 18 U.S.C. §§ 1512(c)(2) and 1512(k).

### Forfeiture Allegation Relating to Counts 1, 3 through 6, and 17

The allegations in Counts 1, 3 through 6, and 17 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, upon conviction of the offenses set forth in Counts 1, 3 through 6, and 17 of this Second Superseding Indictment, Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

The property is more fully described as:

a.  Residence located at Yongskollen 18, 1337 Sandvika, Norway;

b.  Vehicle identified as: Mercedes GLC250 4M, bearing VIN Number WDC2539461F049078; and

c.  Silver coins originally worth approximately $2,757,862.20 in U.S. currency, which were seized in June 2019, pursuant to a search warrant executed at the residence located at Yongskollen 18, 1337 Sandvika, Norway.

If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**Forfeiture Allegation Relating to Counts 2 and 7 through 16**

The allegations contained in Counts 2 and 7 through 16 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h) as alleged in Counts 2 and 7 through 16 of this Second Superseding Indictment, Defendants Lorin William Rosier, Nathan Peachey, John Rick Winer, and Frederick Arias shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

The property is more fully described as:

a. Residence located at Yongskollen 18, 1337 Sandvika, Norway;

b. Vehicle identified as: Mercedes GLC250 4M, bearing VIN Number WDC2539461F049078; and

c. Silver coins originally worth approximately $2,757,862.20 in U.S. currency, which were seized in June 2019, pursuant to a search warrant executed at the residence located at Yongskollen 18, 1337 Sandvika, Norway.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;

[12]

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

**Name Redacted**

_____
Foreperson

RONALD A. PARSONS, JR.
United States Attorney

By: _[signature]_