UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN PEACHEY,<br><br>Defendant. | 4:19-CR-40097-02-KES<br><br>ORDER DENYING DEFENDANT'S AMENDED MOTION |

Defendant, Nathan Peachey, filed an amended motion challenging his conviction on multiple grounds, and seeking an acquittal or new trial.[1] Docket 237. For the following reasons, the court denies Peachey's motion.

## BACKGROUND

In a second superseding indictment, a grand jury charged Peachey with one count of conspiracy to commit wire fraud, one count of conspiracy to launder monetary instruments, nine counts of laundering monetary instruments, and one count of conspiracy to obstruct, influence, or impede an official proceeding. Docket 87. A jury trial began on November 15, 2021. At the close of the government's case, Peachey, through his attorney, made an oral

---

[1] This motion was captioned as an amended motion for leave to file the specified motion. Because the court orally granted leave during the trial for Peachey to file this motion pro se, and because the motion makes arguments on the merits, the court will treat this as a motion for the specified relief.

motion for judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure. The United States orally opposed the motion, and the court denied Peachey's motion for judgment of acquittal. Although Peachey was represented by appointed counsel at trial, the court orally granted leave during the trial for Peachey to file this motion pro se. The jury began deliberating and returned a verdict of guilty on all counts on November 23, 2021. Docket 227. Peachey then filed a motion and accompanying exhibits, and later an amended motion and accompanying exhibits. Docket 235, 237. The amended motion challenges his conviction on multiple grounds.

## DISCUSSION

### I. This Court Has Jurisdiction

Peachey's first claim is that plaintiff, the United States, does not have standing due to a lack of harm or injury and thus, the court lacks subject matter jurisdiction. Docket 237 ¶ 24. Federal Rule of Criminal Procedure 12(b)(2) states that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." This Rule "refers . . . to lack of jurisdiction over the subject matter and not the person." *Sewell v. United States*, 406 F.2d 1289, 1292 (8th Cir. 1969); *see also* 1A Fed. Prac. & Proc. Crim. § 193 (5th ed.). "[S]ubject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 . . . That's the beginning and the end of the 'jurisdictional' inquiry." *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)). Under 18 U.S.C. § 3231, "The district courts of the United States shall have

2

original jurisdiction . . . of all offenses against the laws of the United States." The second superseding indictment alleged that Peachey violated several federal laws and that these violations occurred in the District of South Dakota. Docket 87. Thus, the court has subject-matter jurisdiction over this case.

Other parts of Peachey's motion reference Rule 34 of the Federal Rules of Criminal Procedure, which allows the court to arrest judgment. A motion under this rule "must be based upon failure of the indictment to charge an offense or upon a finding that the court was without jurisdiction of the offense." *United States v. Whitted*, 454 F.2d 642, 646 (8th Cir. 1972). The second superseding indictment charges offenses following the language of the relevant federal statutes, contains sufficient allegations to fairly notify Peachey of the charges against him, and otherwise conforms with the requirements of Rule 7(c). Thus, the court will not arrest judgment under Rule 34.

## II. Peachey Was Not Denied His Right to an Impartial Jury

Peachey's second claim is that he was denied a jury of his peers because the jury did not include anyone that shares his Amish-Mennonite Christian faith or anyone from Pennsylvania, where Peachey resides. Docket 237 ¶¶ 25-26. Peachey appears to ground this argument in a right he claims is guaranteed to him under the Pennsylvania Bill of Rights. *Id.* ¶ 25. Because Peachey was charged and convicted in federal court in South Dakota, however, the court will construe this as a claim brought under the Sixth Amendment of the United States Constitution. Under the Sixth Amendment, criminal defendants have a right to "an impartial jury of the [s]tate and district wherein

3

the crime shall have been committed[.]" U.S. Const. amend. VI. "The Supreme Court has interpreted this to mean that the venire from which a jury is chosen must be a 'representative cross section of the community' where the defendant is tried." *Singleton v. Lockhart*, 871 F.2d 1395, 1398 (8th Cir. 1989) (quoting *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). Thus, Peachey's right to an impartial jury was not violated by the venire being chosen entirely from South Dakota, where he was tried.

"A venire selection process that 'systematically exclude[s] distinctive groups in the community' will result in a venire that is not fairly representative." *Id.* (alteration in original) (quoting *Taylor*, 419 U.S. at 538). But Peachey has put forward no evidence showing that people of the Amish-Mennonite Christian faith were systematically excluded from the venire. And even if there were no members of this faith group on the empaneled jury, there is "no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition." *Taylor*, 419 U.S. at 538. Thus, the court concludes that Peachey was not denied his Sixth Amendment right to an impartial jury.

### III. Peachey's Counterclaim Against the United States

Peachey's third claim is that he "was improperly denied the common-law right to file a setoff counterclaim" against the United States for five trillion dollars that was wrongfully taken from Peachey and his co-defendants. Docket 237 ¶ 27. The Federal Rules of Criminal Procedure do not provide a process for

4

defendants to file a counterclaim against the United States in a criminal proceeding. The authorities Peachey cites as support for a common law right to do so are inapposite, *see id.* ¶ 28, and the court finds no meritorious support for such a right. Thus, the court denies this claim.

### IV. 18 U.S.C. § 1343 Is Not an Unlawful Bill of Attainder

Peachey's fourth claim is that he was denied the right to challenge 18 U.S.C. § 1343 as an unlawful bill of attainder. *Id.* ¶¶ 34-42. He claims this statutory provision "does not prohibit or declare anything to be unlawful," but merely "mandates to take '*whoever*' that special class of easily identifiable persons," is and "sentence[s] them with a fine and imprisonment without a trial." *Id.* ¶ 34. A bill of attainder, which is prohibited by Article I of the United States Constitution, is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provisions of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977). In contrast, statutes that "set forth a generally applicable rule" making it unlawful for "any person [to] commit[] certain acts. . . and leave[s] to courts and juries the job of deciding what persons have committed the specified acts" are not bills of attainder. *United States v. Brown*, 381 U.S. 437, 450 (1965). Here, 18 U.S.C. § 1343 sets out certain acts that are unlawful, and a jury determined that Peachey had conspired to commit these acts under 18 U.S.C. § 1346. Thus, 18 U.S.C. § 1343 is not an unlawful bill of attainder.

### V. Opportunity to Introduce Evidence

Peachey's fifth claim is that he "was improperly denied the right to include" certain evidence and arguments at trial. Docket 237 ¶ 43. He does not, however, specify which evidence or arguments the court prevented him from including. Thus, the court denies this claim.

### VI. Peachey's Right Against Self-Incrimination Was Not Violated

Peachey's sixth claim is that his right against self-incrimination was violated during the trial. *Id.* ¶ 44. Peachey grounds this claim in the Pennsylvania Bill of Rights, but the court construes it as a claim under the Fifth Amendment to the United States Constitution. Peachey was aware of his right to remain silent under the Fifth Amendment. *See* Docket 27. He chose to waive that right and testify in his own defense at trial. Peachey appears to argue that any of his testimony that had the limited purpose of "impeach[ing] the credibility of the accusers" cannot be used to incriminate him. *See* Docket 237 ¶ 44. But Peachey cites no meritorious support for this claim, and the court finds none. Thus, the court concludes that Peachey's right against self-incrimination was not violated.

### VII. Miscellaneous Claims

Peachey's final claim asserts that he is now a witness to federal crimes that were committed during the trial by the prosecutors and investigators in this case. *Id.* ¶45. In support of this, Peachey submitted a document titled Affidavit of Live First-Hand Witnesses of Federal Crimes, which makes several additional claims. Docket 237-1 at 45-56.

### A. Motion for Acquittal Under Rule 29

One of these additional claims is that there was "not one piece of evidence submitted to [the] jury . . . proving [he] broke a [f]ederal statute or law." *Id.* at 46. The court construes this claim as a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure. On such a motion, the jury verdict "must be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.' " *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018) (quoting *United States v. Taylor*, 813 F.3d 1139, 1146 (8th Cir. 2016)). The Rule 29 standard is " 'very strict' and a jury's verdict should not be overturned lightly." *United States v. Boesen*, 491 F.3d 852, 855 (8th Cir. 2007) (quoting *United States v. Ellefson*, 419 F.3d 859, 862 (8th Cir. 2005)).

The essential elements of a crime for which a defendant is found guilty may be proven by circumstantial or direct evidence. *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004). "Th[e] court views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *Boesen*, 491 F.3d at 856 (citing *United States v. Water*, 413 F.3d 812, 816 (8th Cir. 2005)). "[T]he district court is not to weigh the evidence or assess the credibility of witnesses[]" but rather is to evaluate the evidence in the light most favorable to the government to determine if a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Baker*, 367 F.3d at 797.

The court finds that there was sufficient evidence introduced at trial for a reasonable jury to convict Peachey on each of the charges against him. The following is a non-exhaustive summary of such evidence: Several witnesses testified that they invested money that was supposed to be used either for humanitarian projects or to produce a return on investment. Voluminous bank records showed the path of this money from the initial deposit into accounts controlled by Peachey, and these records covered each of the transactions included in the money laundering counts. *See* Docket 239; Docket 240-2 1-46. Records also showed that Peachey used this money to purchase and renovate a house in Norway, to purchase a luxury vehicle in Norway, and to buy millions of dollars in silver coins, many of which were shipped to Norway. *See, e.g.*, Docket 240 at 71, 98-120. Several witnesses testified that they would not have invested their money if they had known it would be used in this way. Many witnesses also testified that not only did they never receive a return on their investment, but they also lost the entirety of their initial investment.

Several documents introduced by the government were originally found on hard drives that appeared to belong to Peachey. *See id.* These documents included bank statements showing the flow of money and other records showing his involvement with the alleged co-conspirators, including updating them on a "budget crisis," and they showed that Peachey was monitoring the investigation into this scheme. *See id.* at 27-28, 40-46, 143-46, 270-73. Peachey's co-defendant, John Rick Winer, also testified that much of his involvement in the scheme was at the direction of Peachey. The government

8

introduced audio recordings of conversations between Peachey and Winer, including one in which a reasonable jury could find that Peachey and Winer were discussing this scheme and the types of individuals who should be avoided because they might cause trouble. Exhibit 37. Another exhibit from the government showed that Peachey had sent a letter to this court after the initiation of this investigation, which a reasonable jury could conclude was intended to obstruct, influence, or impede the investigation. Docket 240-2 at 102-04.

Although Peachey offered other explanations for some of this evidence during his testimony, credibility determinations are for the jury, and the jury was free to not believe his testimony. *Baker*, 367 F.3d at 797. The court heard the evidence at trial and, evaluating this evidence in the light most favorable to the government, the court concludes that a reasonable jury could have found beyond a reasonable doubt that Peachey was guilty of one count of conspiracy to commit wire fraud, one count of conspiracy to launder monetary instruments, nine counts of laundering monetary instruments, and one count of conspiracy to obstruct, influence, or impede an official proceeding.

### B. Remaining Claims from the "Affidavit"

Peachey also alleges that a search warrant was obtained without probable cause. But motions to suppress evidence must be brought prior to trial. Fed. R. Crim. P. 12(b)(3)(C). Additionally, he alleges that the government withheld exculpatory evidence, but he does not specify which evidence he believes has been withheld. Docket 237-1 at 52. Peachy also makes several

9

allegations that prosecutors and government witnesses lied during the trial, but he provides no support for these allegations. *See id.* at 45-46, 48-54. The remaining allegations in this document—that the prosecutors and investigators conspired against the Christian religion, perpetuated a form of Christian genocide, and engaged in an insurrection against the United States—are without merit. *See id.* at 47, 55.

## CONCLUSION

Defendant's amended motion is denied for the reasons stated above. Thus, it is

ORDERED that defendant's amended motion (Docket 237) is denied.

Dated February 3, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE