UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br><br>NATHAN PEACHEY,<br><br>        Defendant. | 4:19-CR-40097-02-KES<br><br><br>ORDER DENYING PENDING<br>MOTIONS |

Pro se defendant, Nathan Peachey, has several motions currently pending before the court. Peachy moves for the return of property, Dockets 383, 390; has filed an amended § 2255 motion and seeks leave to amend and expand the record in that proceeding, Dockets 388, 391, 406, 413; requests transfer of his criminal case to the Middle District of Pennsylvania, Docket 397; and moves for amendment of the judgment, Dockets 402, 404. The court issues the following order.

## I.      Motions for Return of Property

Peachy moves for an order directing the Norway District Court to return several items of his property. Docket 383 at 1; *see* Docket 383-2; *see also* Docket 390. Peachey invokes Federal Rule of Criminal Procedure 41(g) and argues that as "acting overseer and Official Executive Secretary for ITIG Trust, Christian Charity Foundation-Norway, and Jericho Outreach-Norway," such property should be returned because it belongs to the "Christian Charity

Foundation-Norway." Docket 383 at 1-2. Peachey provides no legal argument in his motions, however. *See id.*; Docket 390.

Peachey's motions are denied. Rule 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to move for the property's return, but requires that the motion "be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). Peachey provides no argument that the property at issue was unlawfully seized or that he has otherwise been deprived of it. Additionally, Peachey states that the property was seized by the "Norway District Court," Docket 383 at 1, indicating that the motion was not filed in the district where the seizure occurred. Because Rule 41(g) requires filing in the district of seizure, this court is not the proper venue for such a request. Thus, Peachey's motions are denied.

## II.   Motions Concerning Defendant's § 2255 Motion

Peachey moves to have the substantive aspects of his § 2255 motion addressed in this underlying criminal case. *See* Dockets 388, 391. Peachey challenges the court's treatment of his § 2255 motion, filed on June 24, 2024, as a separate civil action with its own docket number. Docket 388 at 6; Docket 391 at 4. He argues that, because the court is the intended respondent, a § 2255 motion is an improper vehicle for his claims and that those claims should instead be addressed on the criminal docket. Docket 388 at 7; *see also* Docket 391 at 1 (asserting that the Clerk of Court is "required by law to file and docket" this amended motion in this underlying criminal case, rather than in the separate civil action opened for his § 2255 motion).

2

Peachey's argument is unpersuasive. A motion under 28 U.S.C. § 2255 is the proper procedural vehicle for a federal prisoner to collaterally attack the validity of his conviction or sentence. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Although § 2255 proceedings arise from a criminal judgment, *see United States v. Thomas*, 713 F.3d 165, 172-74 (3d Cir. 2013) (explaining that § 2255 proceedings, while civil in some respects, are a continuation of the underlying criminal case), they are governed by their own statutory and procedural framework, *see United States v. Addonizio*, 442 U.S. 178, 185-86 (1979) (explaining that § 2255 is a distinct statutory post-conviction remedy with defined scope and limitations and does not encompass all claimed errors in conviction or sentencing); *Brown v. United States*, 748 F.3d 1045, 1061 (11th Cir. 2014) (stating that "§ 2255 motions are distinct procedural avenues for federal prisoners who seek to challenge only their convictions or sentences."). Nothing in § 2255 or the governing rules requires that such claims be litigated exclusively within the criminal case, and a movant may not circumvent that framework by attempting to repackage a collateral attack as a motion in the underlying criminal proceeding. *See United States v. Lambros*, 404 F.3d 1034, 1037 (8th Cir. 2005) (per curiam) (reiterating that a motion attacking the validity of a conviction or sentence must be treated as a § 2255 motion regardless of how it is styled).

Nor does the identity of the respondent alter that framework. A § 2255 motion is not directed to an opposing party in the traditional sense, but rather invokes the court's authority to vacate, set aside, or correct a sentence imposed

3

in violation of federal law. *See* 28 U.S.C. § 2255(a). The fact that the motion challenges the court's prior rulings does not render § 2255 an improper vehicle or justify litigating such claims within the criminal docket. To the contrary, § 2255 is specifically designed to provide a structured mechanism for raising such challenges, subject to the procedural rules governing collateral review. *See United States v. Hayman*, 342 U.S. 205, 218-19 (1952); *Addonizio*, 442 U.S. at 185 (explaining that § 2255 was enacted "to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court").

To the extent Peachey seeks to avoid the requirements applicable to § 2255 proceedings by recasting his arguments as motions in the criminal case, that approach is improper. As explained above, courts routinely reject efforts to circumvent § 2255's procedural framework by relabeling collateral attacks. *E.g.*, *Lambros*, 404 F.3d at 1036. Because Peachey's claims challenge the validity of his conviction or sentence, they must be brought, if at all, through a § 2255 motion.

Thus, the amended § 2255 motions that Peachey filed in this criminal matter are stricken. The arguments contained therein will not be addressed in the underlying criminal case. Additionally, his motions for leave to amend and expand the record in his § 2255 case are denied.

### III.      Motion to Transfer Criminal Case

Peachey moves to transfer this matter to the Middle District of Pennsylvania, arguing that because he "has entered his appearance as executor/administrator for Lorin William Rosier (deceased) in the Middle District of Pennsylvania," such transfer is proper. Docket 397 at 1.

The motion is denied. Peachey has not identified any legal basis authorizing transfer of this criminal case on the ground stated. Regardless, Peachey has already been convicted and sentenced in this case, and the criminal proceedings are no longer pending in a posture that permits transfer. Federal Rule of Criminal Procedure 21 governs transfer of criminal prosecutions prior to or during trial based on prejudice or convenience considerations. *See* Fed. R. Crim. P. 21. It does not provide a mechanism for relocating a closed criminal case after judgment. To the extent Peachey seeks post-conviction relief, such claims must be brought, if at all, in a motion under 28 U.S.C. § 2255. Thus, Peachey's motion is denied.

### IV.      Motion to Amend Judgment and Provide Settlement Information

Peachey moves the court for an order to correct the judgment and provide settlement information. Dockets 402, 404. Peachey argues that the order is necessary to make full settlement on the outstanding judgement of restitution, currently totaling $11,835,573. Docket 402 at 1; Docket 404 at 1. Peachey also states that the order is necessary "to correct the 1098-F Form." Docket 402 at 1; *see* Docket 404 at 1.

Peachey explains that the record contains no evidence that he received the money that he owes as restitution or that he personally used the funds. Docket 402 at 4. Peachey states that "[a]ll the funds received were corporate (trustee) funds vested in Jericho Outreach and used by it, and for its work-projects and accounts and Officer expenses." *Id.* Peachey therefore requests an order amending the judgment so restitution can be paid "on behalf of Jericho Outreach and Jericho Outreach-Norway on behalf of the Department of Justice." *Id.* at 7.

Peachey's motion is denied. A district court's authority to modify a criminal judgment after it becomes final is strictly limited. *See* 18 U.S.C. § 3582(c) (providing that a court "may not modify a term of imprisonment once it has been imposed" except in narrow circumstances authorized by statute or rule). Federal Rule of Criminal Procedure 35 permits only limited corrections—within 14 days of sentencing for clear error or upon motion of the government for substantial assistance—neither of which applies here. *See* Fed. R. Crim. P. 35. Rule 36 likewise allows correction of clerical errors only and does not authorize substantive changes to a sentence. *See* Fed. R. Crim. P. 36. Restitution orders are similarly final and may be modified only in the limited circumstances expressly identified by statute, none of which are present here. *See* 18 U.S.C. § 3664(o).

Peachey does not identify any clerical error in the judgment. Instead, he challenges the basis for the restitution award and seeks to alter who is responsible for payment by asserting that the funds were held and used by

6

Jericho Outreach and Jericho Outreach-Norway, which he characterizes as a corporate or religious entity. *See* Docket 402 at 2, 7; Docket 404 at 2, 7. That argument goes to the substance of the restitution order, not to a clerical mistake. Any such challenge should have been raised at sentencing or on direct appeal and cannot be addressed through a post-judgment motion to "correct" the judgment.

Nor does Peachey provide a legal basis for amending the judgment to shift responsibility for payment of the restitution to a third party or to permit payment "on behalf of" a corporate or religious entity. The court lacks authority to modify the restitution that Peachy was ordered to pay in the manner that he has requested. His reference to correcting a Form 1098-F likewise does not provide a basis for relief, because that form is administrative in nature and does not alter the terms of the criminal judgment.

A jury found Peachey guilty at trial of (1) conspiracy to commit wire fraud, (2) conspiracy to launder monetary instruments, (3) laundering of monetary instruments, or aiding and abetting, and (4) conspiracy to obstruct, influence, or impede an official proceeding. Docket 227; Docket 309 at 1. At sentencing, the court determined the total amount of restitution he owed to be $11,835,573. *See* Docket 309 at 6-7; Docket 329 at 6-7. If any payments are made toward Peachey's restitution on his behalf, he will receive credit for those payments. But because Peachey seeks a substantive modification of the restitution order without any applicable procedural or statutory basis, his motion is denied.

## CONCLUSION

Based on the foregoing, it is

ORDERED that defendant's motions for return of property (Docket 383, 390) are denied. It is

FURTHER ORDERED that defendant's amended § 2255 motion (Dockets 388, 391) is stricken. It is

FURTHER ORDERED that defendant's motion for leave to amend (Docket 406) and expand the record (Docket 413) in his § 2255 proceeding is denied. It is

FURTHER ORDERED that defendant's motion to transfer the case to the Middle District of Pennsylvania (Docket 397) is denied. It is

FURTHER ORDERED that defendant's motions for restitution (Dockets 402, 404) are denied.

DATED May 13, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
_____

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

8